IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:05CV144-WHA |
| | ) |
| NORMAN WHITE | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner, NORMAN WHITE ["White"] filed this Motion to Vacate his Sentence (Doc. # 1).[1] White was convicted in this court of violating the Gun Control Act on 3 January 1992 and sentenced to 30 months imprisonment on 3 June 1992. He did not appeal his sentence (Doc. # 1); thus the judgment of conviction became final when it was imposed in 1992. On 14 February 2005 (Doc. # 1), White filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

White's petition is clearly barred by the one-year limitation period applicable to motions filed pursuant to 28 U.S.C. § 2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act.[2] By sheer reference to his own motion or petition - and the calendar - the court can determine that he failed to file his motion within one year of his conviction

---

[1] Regretfully, the court has not adequately monitored this case; hence the substantially delayed response to the petitioner's motion for relief from prepayment of fees (addressed in a separate order) and his motion to vacate. Because the Magistrate Judge concludes in this Recommendation that the petitioner's motion is barred by the statute of limitations, it is not likely that the petitioner was legally prejudiced by the delay. Notwithstanding that fact, however, the court acknowledges that this petitioner, as are all litigants before this court, is entitled to more expeditious judicial scrutiny of his claims.

[2] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

becoming final.[3]

## I. DISCUSSION

Paragraph six of Title 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[4]   White was convicted on 3 January 1992 and sentenced on 3 June 1992. Since he did not appeal his

---

[3] Pursuant to 28 U.S.C. §2255, the petition "shall" be served upon the United States attorney "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief". In this case, the petition itself provides ample information for the court to conclude that White's request for relief is time-barred.

[4] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996. White's federal sentence was supposed to run consecutive to his state sentence, which he was serving at the time his federal sentence was imposed. However, White alleged that no federal detainer was in fact placed against him; thus, when he was released on parole from his state sentence on 4 November 1996, he remained "free" until he was again placed in state custody on 1 January 1998. He now requests an order which accredits him - for federal sentencing purposes - for the time he spent out of custody.

conviction or sentence, under the directives of 28 U.S.C. § 2255, White's conviction became final 10 days after sentence was imposed (the time within which his notice of appeal must have been filed in the district court).

Since the statute of limitations under AEDPA became effective on 24 April 1996, the one-year statute of limitations expired on 24 April 1997.  *See **United States v. Flores***, 135 F.3d 1000, 1006 (5th Cir. 1998) (ruling, on a parallel, § 2255 one-year limitation period, that a one-year period from AEDPA's effective date was a reasonable time period for filing claims that had become final prior to the effective date); ***United States v. Simmonds***, 111 F.3d 737, 746 (10th Cir. 1997) (ruling that a one-year period after AEDPA's effective date is a reasonable period of time for bringing a § 2255 motion on convictions that became final before AEDPA's effective date).

At the very latest, the date triggered by he fourth prong of the statute of limitations could be used to determine the last date upon which White could have filed his motion under § 2255.  The fourth prong is triggered by "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence". White alleges in his complaint that he was "paroled on November 4, 1996 and remained free on parole until January 1, 1998".  Thus he knew as of the date of his parole that the federal authorities would not execute a detainer on him and place him in federal custody.  Running the one-year statute from the parole date would still yield an expiration date of 4 November 1997  -  still more than seven years before White filed his motion.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **22 September 2006**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982).  *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982).  *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 8th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE